**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| STARR A. RAKESTRAW, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO.: 1:04-CV-311-TS |
| ) | |
| VILLA CAPRI APARTMENTS, L.L.C./ ) | |
| VILLA CAPRI APARMENTS and/or ) | |
| CERC EMBASSY APARTMENTS G.P. ) | |
| CORPORATION/CERC EMBASSY ) | |
| APARTMENTS LIMITED PARTNERSHIP, ) | |
| ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees [DE 36], filed

on June 6, 2005. The Defendants have not filed a response.

**BACKGROUND**

The Plaintiff, Starr A. Rakestraw, sued the Defendant, Villa Capri Apartments, LLC/Villa

Capri Apartments and/or Cerc Embassy Apartments G.P. Corporation/Cerc Embassy Apartments

Limited Partnership, for discrimination, sexual harassment, and retaliatory discharge. On March 9,

2005, the parties entered an agreement resolving the case and requiring the Defendant to pay the

Plaintiff $9,000 and bear the costs of the mediation. When the Defendant failed to pay the Plaintiff

according to the terms of the Agreement, the Plaintiff filed a Motion to Enforce Settlement

Agreement and Request for Attorney Fees, which the Court granted without written order on May

25, 2005. The Court also reopened the case, which had earlier been dismissed without prejudice.

On June 6, 2005, the Plaintiff moved to recover $1525 in attorney's fees that were incurred in

seeking to enforce the settlement agreement. The Plaintiff attached the Affidavit of Attorney

Christopher C. Myers, which included an invoice itemizing attorney and paralegal services for this

matter.

**DISCUSSION**

Normally, each party bears their own attorney's fees absent a showing of oppression or

subjective bad faith. *TMF Tool Co. v. Siebengartner*, 899 F.2d 584, 590 (7th Cir. 1990); *see also*

*Unity Ventures v. County of Lake*, 894 F.2d 250, 253 (7th Cir. 1990) ("It has long been established

that even under the American common-law rule attorney's fees may be awarded against a party who

has proceeded in bad faith.") (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 419

(1978); *Torres v. Costich*, 935 F. Supp. 232, 236 (W.D.N.Y. 1996) ("There is no general rule that

attorney's fees should be awarded on a successful motion to enforce a settlement agreement, but a

court may award fees in such circumstances under the court's inherent power to award attorney's

fees to a successful litigant when the opposing party has acted 'in bad faith, vexatiously, wantonly,

or for oppressive reasons.'") (quoting *Hall v. Cole*, 412 U.S. 1, 5 (1973)). While fee shifting statutes

may also provide an exception to the rule that litigants in the United States must pay their own

attorney's fees, *see, e.g.,* 42 U.S.C. § 1988, the enforcement of the settlement agreement in this case

does not invoke any such statute.[1]

---

[1] In his Memorandum in Support of Attorney's Fees, the Plaintiff states that she was a prevailing party under Title VII, and thus, is entitled to fees. The Plaintiff, however, is not seeking fees for the underlying employment matter, which was resolved through mediation. Moreover, 28 U.S.C. § 1927, cited by the Plaintiff in support of fees, does not apply because the evidence before this Court in no way suggests that the Defendant's counsel was responsible for the Defendant's failure to pay the agreed settlement amount, such that he should be answerable for the additional fees and charged for payment of those fees. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Nonetheless, the Defendant has not supplied this Court with any reason why it should not be held to pay for the fees the Plaintiff incurred in enforcing the settlement agreement that the Defendant refused to honor. In fact, the Defendant has provided no excuse for its failure to comply with the terms of the agreement. "[R]efusal to abide by the terms of a settlement agreement can constitute bad faith, entitling the wronged party to attorneys' fees." *Interspiro USA, Inc. v. Figgie Int'l, Inc.*, 815 F. Supp. 1488, 1522 (D. Del. 1993) (citing *Hobbs & Co. v. Am. Investors Mgmt., Inc.*, 576, F.2d 29, 35–36 (3d Cir. 1978)). The Court finds that the Defendant is liable for the Plaintiff's attorney's fees incurred in enforcing the settlement agreement. All that is left to determine is the appropriate amount of the fees.

The award of the attorney's fees is entrusted to the court's sound discretion. *Mercer v. Espy*, 883 F. Supp. 300, 302 (N.D. Ind. 1995). "The party requesting fees has the burden of substantiating the reasonableness of the hours expended and the hourly rate." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993) (citing *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir. 1992). The starting point for calculating a reasonable attorney's fee is the lodestar, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986).

The Plaintiff's attorney, Christopher Myers, submits that the published hourly rate for his services is $250 and $75 for his paralegal's services. He contends that his rate is reasonable and appropriate considering his experience. "The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work." *McNabola*, 10 F.3d at 518 (citation omitted); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). The market rate is "the rate that lawyers of similar ability and experience in the

3

community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). "For private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm." *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986). "The burden of proving the 'market rate' is on the fee applicant; however, once the attorney provides evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Id.* at 554–55.

As indicated above, Attorney Myers indicates that his published rate for representing plaintiffs in federal court is $250 per hour and contends that it is reasonable in light of the prevailing rates of other attorneys who practice law in the Northern District of Indiana. Attorney Myers has attached an invoice to his Affidavit. Because the Defendant did not contest the Plaintiff's Motion, the Court assume, upon the basis of Attorney Myers' Affidavit, that even though it appears that the invoice was created solely for purposes of the fee petition as a itemization of the work performed in enforcing the settlement agreement, that this is the amount Attorney Myers would have charged a paying client. The Court finds that $250 is a reasonable rate given the Fort Wayne market and Attorney Myers's experience.

Although paralegal fees may be included in the recovery of attorney's fees, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 287–88 & n.10 (1989). "The . . . inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *People Who Care*, 90 F.3d 1307, 1315 (7th Cir. 1996). The Court finds that the time entry for April 12, 2005, is for a purely clerical task, typing. However, part of the entry represents the time the paralegal spent drafting, as

opposed to merely typing, the Form of Order. Thus, .30 of the .40 entry will be discounted as an inappropriate paralegal fee.

The party requesting attorney's fees bears the burden of substantiating the reasonableness of the hours sought. *See Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 908 (N.D. Ind. 1998). "Counsel . . . should . . . exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . . Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court's review of the invoice submitted with Attorney Myers's Affidavit contains only one redundant entry for .10. On May 31, 2005, the paralegal reviewed defense counsel's motion to withdraw. On June 2, Attorney Myers reviewed this same motion. Thus, Attorney Myers's time for June 2 will be reduced by .10. Discounting this .10 and .30 of the paralegal's time for typing, results in the following lodestar calculations:

Lodestar for Attorney Myers: $250 x 5.10 hours = $1275

Lodestar for Paralegal: $75 x 3.4 = $255

Total Fees = $1530[2]

This lodestar rate is the presumptively reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Court has been presented with no factors that would warrant an adjustment of the lodestar. The Plaintiff is entitled to attorney's fees in the amount of $1530.

**CONCLUSION**

---

[2] Despite the Court's discounting, this amount is actually $5 *more* than the $1525 in fees the Plaintiff seeks to recover in his Motion. This apparent contradiction is the result of a miscalculation of the invoice total submitted to the Court. The total amount that should have been calculated, on the basis of the itemized services, is $1577.50.

For the foregoing reasons, the Plaintiff's Motion for Attorney's Fees [DE 36] is GRANTED. Judgment should be entered in favor of the Plaintiff for $9,000, according to the terms of the settlement agreement enforced by this Court by way of oral ruling on May 25, 2005. The entry of judgment should also include $1530 in attorney's fees, for a total judgment of $10,530.

SO ORDERED on July 14, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT